# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Nirvana Durbal )
Plaintiff(s) )
)
vs. ) Case Number: 25-cv-2537
Ass'n of American Medical Colleges )
)
Defendant(s)

**DECLARATION FOR PRO HAC VICE ADMISSION**
(to be attached to Motion for Pro Hac Vice Admission)

In accordance with LCvR 83.2 (c)(2) and LCvR 44.1 (c)(2), I hereby declare that the answers to the following questions are complete, true, and correct:

1. Full Name: Daniel Schwei

2. State bar membership number: NY Bar No. 4901336

3. Business address, telephone and fax numbers:
   1099 New York Ave, NW, Ste. 900, Washington, DC 20001; T- 202-639-6000; F - 202-6

4. List all state and federal courts or bar associations in which you are a member "in good standing" to practice law:
   New York State; United States Court of Appeals for the Fourth CIrcuit

5. Have you been denied admission, disbarred, suspended from practice, reprimanded, denied "in good standing" status, or otherwise disciplined by any court, bar association, grievance committee or administrative body?   Yes ☐   No ☑

6. Have any proceedings which could lead to any such disciplinary action been instituted against you in any such bodies?   Yes ☑   No ☐

   (Please attach a statement explaining any "Yes" answers to questions 5 or 6.)

7. List the number of times the attorney has been admitted pro hac vice into this court within the last two years. 0

   (If your principal office is located in the District of Columbia, please answer questions 8 and 9.)

8. Are you a member of the DC Bar? No (pending)

9. Do you have a pending application for admission into USDC for the District of Columbia? No

**In compliance with Local Rule 83.2(b) or LCrR 44.1(b), an attorney who wishes to appear as sole or lead counsel in a contested evidentiary hearing or trial on the merits further certifies that he/she:**

**(CHECK ALL ITEMS THAT APPLY)**

1. [✓] has previously acted as sole or lead counsel in a federal district court or the Superior Court of the District of Columbia or a state trial court of general jurisdiction in a contested jury or bench trial or other contested evidentiary hearing in which testimony was taken in open court and an order or other appealable judgment was entered. [LCvR 83.2(b)(1)/LCrR 44.1(b)(1)]; **OR**

2. [✓] has participated in a junior capacity in an entire contested jury or bench trial in a federal district court or the Superior Court of the District of Columbia or a state trial court of general jurisdiction. [LCvR 83.2(b)(2)/LCrR 44.1(b)(2)]; **OR**

3. [ ] has satisfactorily completed a continuing legal education trial advocacy course of at least 30 hours sponsored by the District of Columbia Bar or accredited by a State Bar. [LCvR 83.2(b)(3)/LCrR 44.1(b)(3)]

I declare under penalty of perjury that the foregoing is true and correct

8/25/2025

DATE                                                                                    SIGNATURE OF ATTORNEY

<u>Schwei *Pro Hac Vice* Application - Explanation re Question 6</u>

  In a matter I handled in the Eastern District of North Carolina, *United States v. Rouseco, Inc.*, No. 4:11-cv-35-F (E.D.N.C.), I filed a motion to stay all pretrial deadlines, and the district judge told us that he would enter summary judgment if the parties did not settle the case. Despite the pending motion to stay and the district judge's entry of summary judgment, the magistrate judge assigned to the matter faulted the parties for failing to file a proposed pretrial order. The magistrate judge imposed a fine of $200 on me, which I appealed to the district judge who then vacated the sanction and closed the matter. I do not believe I was technically disciplined because the only sanction against me was vacated, but there were proceedings instituted against me. I am including this information out of an abundance of caution and to be transparent about the matter. Also attached is the declaration that I filed in that matter explaining the reasonableness of my conduct.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-MC-02

| | |
|---|---|
| IN RE: DANIEL S. SCHWEI, SETH ) <br> MORGAN WOOD, JEREMY ) <br> M. WILSON, AND THOMAS ) <br> S. BABEL. ) <br> ) | DECLARATION OF DANIEL <br> SCHWEI REGARDING SHOW <br> CAUSE HEARING |

I, Daniel Schwei, pursuant to 28 U.S.C. § 1746, do hereby declare and state:

1. I am counsel for the United States in the matter of *United States v. Rouseco, Inc.*, Case No. 4:11-CV-35-F (E.D.N.C). I have personal knowledge of all of the facts set forth herein.

2. I am a licensed attorney in the State of New York. My current position is a Trial Attorney with the Civil Division, Federal Programs Branch, of the United States Department of Justice. In connection with this position, I have personally handled and/or monitored cases in nine different United States district courts throughout the country.

3. The matter of *United States v. Rouseco, Inc.*, Case No. 4:11-CV-35-F (E.D.N.C.), is an administrative enforcement proceeding, in which the plaintiff, the United States (acting on behalf of the United States Department of Agriculture), seeks to recover unpaid assessments and penalties from defendant, Rouseco, Inc.

4. The *United States v. Rouseco, Inc.* matter was personally handled by the Federal Programs Branch, which is part of the Civil Division of the Department of Justice. In such personally handled cases, the Federal Programs Branch attorney

is responsible for managing the case and complying with all deadlines. I am the Federal Programs Branch attorney assigned to the *United States v. Rouseco, Inc.* matter, and therefore I was and am responsible for the substantive decisionmaking in connection with that case.

5. The United States' position has always been that *United States v. Rouseco, Inc.* is an action based on review of an administrative record, and thus a trial would be inappropriate. From the outset, the United States has consistently stated that position in its filings with the Court. *See, e.g.*, Rule 26 Discovery Plan (ECF No. 12) at ¶3 ("In Plaintiff's view, there is no need for discovery, nor would discovery be appropriate, because the Court's review of Plaintiff's claims is limited to the administrative record compiled by the United States Department of Agriculture[.]"); *id.* at ¶4(G) ("Plaintiff believes that this action should be resolved on motions for summary judgment, and that a trial would be both unnecessary and inappropriate.").

6. After Rouseco filed a motion to compel seeking discovery against the United States, Magistrate Judge Webb issued a ruling expressly adopting the United States' position that this action was based on an administrative record, and thus no discovery was appropriate. *See* Order Denying Motion to Compel (ECF No. 20) at 7 ("Because review is limited to the administrative record, the discovery of additional information beyond the administrative record is unnecessary and will not lead to the discovery of relevant evidence."); *see also* Order Denying Motion for Summary Judgment (ECF No. 77) at 5.

7. The United States filed a motion for summary judgment based on the administrative record on February 27, 2012. *See* ECF No. 21. Rouseco filed its opposition brief on March 26, 2012. *See* ECF No. 24.

8. The parties thereafter began settlement negotiations. While those negotiations were ongoing, and while the United States' motion for summary judgment was still pending (and prior to the United States' reply brief in support of that motion being filed), the Court periodically set a trial date and a Magistrate Judge would issue a pre-trial conference order. *See, e.g.*, ECF Nos. 29, 52.

9. In order to facilitate the ongoing settlement negotiations, each time a trial date was set the United States moved for a 60-day continuance of all trial and pre-trial proceedings—which necessarily included the filing of the joint pre-trial order—as well as an extension of time in which to file its reply brief. Each time these extension motions were filed, Judge Fox promptly granted the continuance of all trial and pre-trial proceedings. *See, e.g.*, ECF Nos. 32, 55; *see also* ECF Nos. 37, 45, 59.

10. Ultimately, on February 4, 2013, after the parties failed to reach a settlement by the deadline the parties had agreed upon, *see* ECF No. 58 at ¶7, the United States filed its reply brief in support of its motion for summary judgment. *See* ECF No. 61. Rouseco then filed a sur-reply in opposition to the United States' motion for summary judgment. *See* ECF No. 73.

11. After the briefing on the summary judgment motion had been completed and while that motion was pending, the Court again set a trial date, this time during the April 1, 2013 term of court. *See* ECF No. 68. The Court set the pre-

trial conference for Tuesday, March 19, 2013, *see* ECF No. 71, and then Magistrate Judge Webb issued an order regarding that pre-trial conference. *See* ECF No. 72.

12.  Magistrate Judge Webb's order set a deadline of Tuesday, March 12, 2013 for the parties to submit the joint pre-trial order. *Id.* at 1. Judge Webb's order stated: "This deadline will not be extended absent the filing of a motion demonstrating good cause for the extension." *Id.* Judge Webb's order also stated: "Failure to submit a joint proposed pre-trial order by Tuesday, March 12, 2013, will result in the cancellation of the pre-trial conference. If the pre-trial conference is canceled for this reason, the undersigned may require the parties to show cause why they should not be sanctioned." *Id.* at 1-2.

13.  Based on the history of this case, it was my view that neither Judge Fox nor Magistrate Judge Webb intended for there to be a trial in this case. My view was based in large part on Magistrate Judge Webb's prior ruling that the Court's review was limited to the evidence in the administrative record, *see* ECF No. 20, and particularly because of Judge Fox's statement in a prior ruling that summary judgment should be decided before any trial was conducted. *See* ECF No. 57 at 2 n.1 ("The court will remove the matter from the January 28, 2012, trial calendar if necessary to permit time for adequate consideration of the [summary judgment] motion and preparation of an order thereon."). Nonetheless, I recognized and was aware of the March 12, 2013 deadline for submission of the proposed pre-trial order.

14.  During the week of March 4, 2013, when there had not yet been a ruling on the motion for summary judgment, I determined it was prudent to file a

-4-

motion to stay all trial and pre-trial proceedings, which necessarily included the filing of the pre-trial order. I sent a draft of this stay motion to opposing counsel on Tuesday, March 5, 2013. Opposing counsel was unable to review the draft motion that day, but informed me on Wednesday, March 6, 2013 that Rouseco opposed the motion. I filed the stay motion that same day. *See* ECF No. 76. In my view, this stay motion constituted "the filing of a motion demonstrating good cause for the extension" of the deadline for submitting the proposed pre-trial order, consistent with the instructions in Judge Webb's pre-trial conference order.

15. Although the stay motion was titled "Motion to Stay Trial Pending Resolution of Summary Judgment," the motion clearly stated that the United States was seeking a stay of both the trial *and* pre-trial proceedings. *See id.* at 1 ("Plaintiff, the United States of America, respectfully requests that all pre-trial and trial proceedings in this case be stayed until after the Court has resolved the United States' pending motion for summary judgment[.]"); *see also* Proposed Order (ECF No. 76-1) (stating that upon granting the motion "all pre-trial and trial proceedings in the above-captioned case shall be stayed until after the Court resolves the United States' pending motion for summary judgment").

16. In my view, the filing of this stay motion fulfilled my obligation set forth in Judge Webb's pre-trial conference order regarding the submission of the proposed pre-trial order. *See* ECF No. 72 at 1 ("The proposed order must <u>arrive</u> in chambers and be filed no later than Tuesday, March 12, 2013. *This deadline will not be extended absent the filing of a motion demonstrating good cause for the extension.*" (second emphasis added)).

-5-

17. Notwithstanding the filing of this stay motion, because Judge Fox had not acted to grant the stay motion, and given the impending deadline regarding the parties' pre-trial order, I determined to call Judge Fox's chambers for guidance on Monday, March 11, 2013 if he had not ruled by the close of business that day.

18. On the afternoon of March 11, however, I received an e-mail from Susan K. Edwards, Divisional Operations Coordinator & Courtroom Deputy II for Judge Fox. *See* Exhibit 1 (attached hereto). In that e-mail, addressed to all counsel, Ms. Edwards stated: "Judge Fox currently has this matter under review of the various motions that are pending. The judge would like to speak with all of you as he has a few questions about this matter." Ms. Edwards then requested a telephone conference either on March 12 or March 13. Given counsels' schedules, we arranged for a telephone conference on Wednesday, March 13, 2013.

19. Because Ms. Edwards' e-mail stated that Judge Fox was currently reviewing "the various motions that are pending"—which included the United States' stay motion—and that Judge Fox had "a few questions about this matter," I believed it was neither necessary nor advisable for me to file a pre-trial order with the Court. Doing so might have been contrary to Judge Fox's views about how this case should proceed, which I believed would be discussed during the telephone conference scheduled for March 13, 2013. In addition, I believed that filing a proposed pre-trial order might have been viewed by the Court, or by the defendant, as inconsistent with the United States' position that this case should be resolved on the pending motion for summary judgment and not through a trial.

20. During the telephone conference with Judge Fox on March 13, 2013, Judge Fox asked whether the parties were going to reach a settlement of this matter. When the parties indicated that a settlement was not imminent, Judge Fox indicated that he was going to rule on all of the pending motions on Monday, March 18, 2013, if the parties did not settle the case before that date. Judge Fox asked a couple of additional questions related to the summary judgment motion, then gave some parting words and ended the call. Nothing was raised or discussed during that call specifically regarding the pending stay motion or the parties' proposed pre-trial order. At no point during the conference did Judge Fox invite questions from counsel about any issues, including about the pending stay motion or the parties' proposed pre-trial order.

21. Based on Judge Fox's statements, I believed that this matter would be conclusively resolved by March 18, 2013. Therefore, it was my understanding that there would not be any pre-trial conference held on March 19. For all of these reasons, I believed it was neither necessary nor appropriate to file a joint pre-trial order with the Court. I had multiple conversations and e-mail exchanges with opposing counsel in the days both before and after the conference with Judge Fox, and at no point did opposing counsel suggest to me that it was necessary for the parties to file a proposed pre-trial order with the Court by March 12, 2013, or that the filing of the motion to stay was insufficient to comply with Judge Webb's order regarding the pre-trial conference.

22. When the pre-trial conference was not cancelled on March 13, 2013 or any time thereafter, and in light of the telephone conference with Judge Fox on

-7-

March 13, 2013, I believed (i) that Judge Fox had informed Judge Webb about the March 13, 2013 telephone conference and the fact that this matter would be conclusively resolved on March 18, 2013; and (ii) that neither Judge Fox nor Judge Webb was concerned about the parties' joint pre-trial order not being submitted by March 12, 2013.

23. Judge Fox issued his decision on the summary judgment motion at approximately 3:40 p.m. EST on Monday, March 18, 2013. *See* ECF No. 77. Judge Fox's decision denied the United States' motion for summary judgment, remanded the case to the United States Department of Agriculture for further proceedings, and denied all other pending motions as moot. *Id.* at 7-8. The Clerk entered judgment in the case shortly thereafter. *See* ECF No. 78.

24. Because the Court had decided the case and judgment was entered on March 18, 2013, I believed that the pre-trial conference scheduled for March 19 had been or would be cancelled. That belief was also based on the fact that Judge Fox's summary judgment decision had denied as moot my motion to stay all trial and pre-trial proceedings. *See* ECF No. 77 at 1 n.1, 8; *see also* ECF No. 78. As I understood the situation, if the pre-trial conference was still scheduled—or if any of the parties' pre-trial obligations remained binding somehow—then my stay motion would not have been denied as moot.

25. At approximately 5:00 p.m. EST on Monday, March 18, 2013, I received a telephone call from opposing counsel Jeremy Wilson informing me that Judge Webb still intended to conduct the pre-trial conference on Tuesday, March 19, notwithstanding the entry of judgment in the case.

26. Immediately upon learning of that fact, I called Judge Webb's chambers to inquire about the status of the pre-trial conference. I spoke with a law clerk in Judge Webb's chambers, who informed me that the pre-trial conference would still be held, specifically with regard to why the parties failed to file a proposed pre-trial order by March 12, 2013. I explained to the law clerk that the United States' position has always been that this case is limited to the administrative record; that Judge Webb had previously agreed with that position; that I had nonetheless filed a stay motion; that all counsel had participated in a telephone conference with Judge Fox on March 13, 2013, during which Judge Fox indicated that he would rule on all of the pending motions on Monday, March 18, 2013; and that Judge Fox had now ruled and disposed of the case. Accordingly, I said that I had believed that the pre-trial conference was unnecessary and that it had been cancelled. I also apologized to the law clerk for potentially leaving the Magistrate Judge with the impression that his pre-trial conference order had been ignored, as that had certainly not been my intent.

27. The clerk said he understood my position, but that the pre-trial conference was still going to be held the next morning at 9:00 a.m. I explained that I was located in Washington, D.C., and given the late hour I did not think it was possible for me to travel to Raleigh, N.C., in time for the hearing. I then requested permission to participate in the hearing telephonically. Judge Webb's clerk stated that Judge Webb was out of the office, but that he would relay my request to Judge Webb by telephone. I thanked the clerk, told him that I would be available all evening and that he could call me back at any time, and then ended the call.

28. Approximately one minute later, Judge Webb's clerk called me back and informed me that Judge Webb had denied my request to appear at the hearing telephonically. Judge Webb's clerk informed me that somebody representing the United States was expected to attend the hearing in person. I said that I would do my best to arrange for the local Assistant United States Attorney assigned to this case, Seth Wood, to appear at the hearing. I explained to the clerk, however, that Mr. Wood had no substantive involvement in this case and that all of the decisionmaking relevant to the joint pre-trial order and pre-trial conference was my own.

29. Immediately after this second call with Judge Webb's law clerk, I called Mr. Wood and explained the situation, and requested that he appear on the government's behalf at the pre-trial conference the next morning on Tuesday, March 19, 2013. Mr. Wood agreed to do so.

30. Prior to the telephone call with Jeremy Wilson addressed above in paragraph 25—which I understand occurred after opposing counsels' communications with Magistrate Judge Webb's chambers on March 18, 2013, *see* Affidavit of Thomas S. Babel (ECF No. 05-1) at ¶18—at no point did I ever discuss with opposing counsel whether I intended to appear for the pre-trial conference or not.* Prior to the telephone call with Jeremy Wilson, opposing counsel's belief that I did not intend to attend the pre-trial conference could only have been based on his

---

\* During the phone call with Jeremy Wilson referenced above in paragraph 25, I simply told Mr. Wilson that I believed the pre-trial conference had been cancelled in light of Judge Fox's ruling on the case and the entry of judgment, and thus I had not planned to attend the pre-trial conference.

-10-

own subjective assumptions and/or conclusions, not on any conversations or communications we had regarding the pre-trial conference. At no point did I ever express or intimate to opposing counsel any intent to flout or disregard the orders of Magistrate Judge Webb or Judge Fox.

31. I did not intend to violate the Magistrate Judge's pre-trial conference order, Local Rule 16.1, or any other Rule or order of this Court.

32. I believe that, at all times, I was acting reasonably and in good faith. I believe my actions were fully consistent with the Court's orders and Local Rules—or at least a reasonable interpretation of those orders and Rules—particularly given the fluid nature of this situation. In sum, I believe I acted reasonably because:

   a. The United States has always maintained that a trial is inappropriate in this case because review is limited to the administrative record, and Magistrate Judge Webb expressly agreed with that position when ruling on Rouseco's motion to compel;

   b. Judge Fox had stated in a prior ruling (ECF No. 57 at 2 n.1) that he would remove this case from the trial calendar in order to give himself sufficient time to consider the motion for summary judgment;

   c. I filed a motion to stay all trial and pre-trial proceedings pending resolution of summary judgment, which I viewed as a motion demonstrating good cause to extend the deadline for filing the joint pre-trial order (I filed the stay motion on

-11-

          March 6, six days prior to the deadline for the joint pre-trial order);

    d.    Judge Fox's chambers contacted all counsel on March 11 (the day before the joint pre-trial order was due) to say that he was currently reviewing all of the pending motions, which included the stay motion, and that Judge Fox wanted to setup a telephone conference because he had a few questions about the matter;

    e.    On the telephone conference with Judge Fox, he said he was going to conclusively resolve this matter on March 18, 2013 (the day before the pre-trial conference);

    f.    At no point was the pre-trial conference cancelled as a result of the parties' failure to file the joint pre-trial order; and

    g.    Judge Fox did indeed resolve this matter on March 18, 2013, with judgment being entered that day, and with my motion to stay the pre-trial proceedings being denied as moot.

33.    Notwithstanding my belief that I acted reasonably, in retrospect I understand that my actions could be construed as a failure to comply with Magistrate Judge Webb's order, *see* ECF No. 72, or even as a decision on my part to ignore that order. If this is how my actions have been interpreted, I sincerely apologize for that impression, because by no means did I intentionally fail to comply with Magistrate Judge Webb's order. I regret any misunderstanding that may have

-12-

caused any inconvenience for Judge Webb or conveyed any disrespect to Judge Webb; certainly none was ever intended on my part.

34. My client, the United States Department of Agriculture, had no input into any of my decisions regarding the joint pre-trial order or the pre-trial conference.

35. Mr. Wood also had no input into any of my decisions on these matters. That is because this matter was handled personally by me, as a case retained by the Civil Division rather than delegated to the United States Attorney's Office for handling. *See* Paragraph 4, above. Nonetheless, Mr. Wood (through his legal assistant) sent me an e-mail on February 21, 2013, inquiring about the pre-trial conference and asking if I would be handling this issue personally or whether I needed any assistance from the United States Attorney's Office. I replied that I would be handling everything personally and that I did not require any assistance. As stated above, then, Mr. Wood had no involvement in my decisions regarding the joint pre-trial order or the pre-trial conference.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of March, 2013, in Washington, D.C.

_____
DANIEL SCHWEI